PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his vehicle struck a hole when he was traveling in the right eastbound lane of U.S. Route 50, near Romney. U.S. Route 50 at this location is a road maintained by respondent in Hampshire County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on March 30, 1998, at approximately 11:15 a.m. On the morning in question, claimant was proceeding in the right eastbound lane of U.S. Route 50 in his 1985 F-250 Ford pick-up three-quarter ton truck at a speed of about fifty miles per hour. At this location, U.S. Route 50 has three lanes each of which is twelve feet in width. Two of the lanes are eastbound and these lanes proceed straight up a mountainous slope. The posted speed limit is forty-five miles per hour. As Mr. Saville drove his truck in the right lane up the mountain, he came upon a six to seven inch hole about the width of a truck tire, with which he was familiar. Since there was a vehicle in the passing lane beside him, he was forced to drive into the hole which was near the white edge line indicating t he edge of the paved surface of the road. The impact with the hole damaged the truck’s transfer case. The truck became inoperable and Mr. Saville drifted his vehicle to the side of the road. Afterwards, Mr. Saville went to a salvage yard and purchased a transfer case for $450.00, which he later installed. Since claimant's truck is insured under a liability motor vehicle insurance policy only, he was responsible for the sustained loss.
The position of respondent was that it did not have notice of the hole on U.S. Route 50 in Hampshire County. According to Highway Administrator III, Olin Teter, respondent had not received any information regarding an irregularity in the road surface until December 23, 1998. While Mr. Teter produced photographs of the road near the location in question that did not show the existence of the hole, claimant’s photographs established the existence of the hole and that it had been patched. Respondent did not have any record of the hole being patched.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or *192 constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the present claim, the evidence adduced at the April 20, 2000, hearing established that respondent at least had constructive notice of the condition of the right eastbound lane of U.S. Route 50 in Hampshire County. The Court is of the opinion that the position and size of the hole in the road surface establishes that respondent should have known about the defect and should have repaired it or placed warning signs prior to claimant’s incident. Consequently, there is sufficient evidence of negligence upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award in this claim.
Award of $450.00.